### George S. Knowles v. Henry J. Goodrich.

1. TRUSTS—*Trustees by Operation of Law.*—Where a person takes the title to land as security, he is considered as a trustee holding the title as such, and if he sells it and receives the purchase price, he be-.

comes, by operation of law, a trustee for the person for whom he held the same as security for the amount of purchase money received by him.

2. Trustees—*Set-offs in Accounting.*—When a trustee is called upon to account to his beneficiary for the property intrusted to him, he can not set off an independent debt due him, individually, from the beneficiary, against the trust indebtedness, for he is not a mere debtor but holds the trust property in a different capacity, viz., as a trustee, and therefore the debt owing by him and the debt due to him are not due in the same right or capacity, and lack mutuality.

In Equity.—Bill for relief. Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 2, 1895.

LYMAN & JACKSON, attorneys for appellant.

STIRLEN & KING, attorneys for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

One William H. Knowles filed his bill against both parties, appellant and appellee, and one Anna V. Knowles, averring that he was the owner of one-half of certain lots of land, and that he and the appellee, Goodrich, after having made a trust deed on said premises, in June, 1882, to secure a note of himself to appellant, conveyed the same in August, 1884, by a quit-claim deed, to appellant, which deed was intended only as a mortgage; that afterward, in June, 1888, appellant conveyed the same premises to the said Anna V. Knowles, but without consideration; that he, the said William H. Knowles, has paid all but a small part of said note to appellant; that appellant has paid taxes and acquired tax liens upon said premises, and prays to be allowed to redeem his one-half of said premises upon payment of what remains due on his said note, and his share of the expenses and taxes paid by appellant concerning the property, as to which an accounting is asked.

The appellee filed his cross-bill in the suit, averring that he was the owner of the other one-half of said premises; that he was not a party to the consideration of the trust

deed from the said William H. to appellant, and that the quit claim deed from himself and the said William H. to appellant was a mere mortgage given to further secure the debt owing by said William H. to appellant; and that it was agreed between himself and appellant that upon the payment of said indebtedness of William H., and payment by himself of one-half of the amount expended by appellant in paying taxes and in extinguishing tax titles to said premises, he, the appellee, would be entitled to have reconveyed to him an undivided half of said premises. It was also averred in the cross-bill that the quit claim deed by appellant to Anna V. Knowles was without consideration, and was fraudulent as to appellee, and that she held the title to one-half of the premises in trust for appellee.

The prayer of the cross-bill followed the averments of the bill, and was for an account between appellee and appellant in respect to taxes, expenses and tax titles, and that appellant and the said Anna be decreed to convey to appellee the one-half of said premises upon payment of the amount found due appellant.

Subsequently an amended cross-bill, more particular in averment, was filed by appellee, but its substance and the relief asked was, for the purpose of this appeal, in substance as in the original cross-bill. Anna V. Knowles answered both bill and cross-bill, and averred that she acquired the title to said premises in good faith and for value, and without notice of the equities of either appellant or appellee.

The decree of the Circuit Court found the equities substantially as charged in both bill and cross-bill, except as to Anna V. Knowles, as to whom it was found that she acquired a good faith title to the one-half of the premises claimed by appellee, and that as against her the appellee had no title; but that in the accounting between appellee and appellant, the former was entitled to a credit of $874.50— being one-half of the purchase money paid to appellant by Anna—with interest thereon from April 8, 1889, which was the date Anna paid appellant said purchase price.

As between appellee and appellant, an accounting was had;

and it is said in appellant's brief that "the only question on this appeal arises out of that accounting, and is whether the claim of George S. Knowles (appellant) interposed against the claim of Goodrich (appellee) was barred by the statute of limitations."

We concur with appellant's counsel in the first part of that statement, that the question here arises out of that accounting, but not with the concluding portion, which confines the consideration of that subject to whether the claim referred to is barred by the statute of limitations.

Other reasons are urged upon us why that claim was properly rejected by the Circuit Court, and we prefer to first consider them.

The claim referred to, consisted of a statement in writing made by appellee, Goodrich, to the appellant, under date of June 1, 1881, which closed with an acknowledgment that on that date the total amount due appellant was $397.50. The statement consisted of numerous small items of both debits and credits of a personal character between the parties, and equalized interest, leaving a balance of $97.50 to the credit of appellant, to which was added the amount of $300, as proceeds of a sight draft or loan made by appellant to appellee.

This amount of $397.50 was allowed in the accounting by the master, but was rejected by the court, and we think correctly so.

It was found by the decree, and such finding is not disputed, that the appellant took the title to the land as security. He therefore held the title as a mere trustee. When he sold it to Anna V. Knowles and received the purchase price from her, he became, by operation of law, a trustee for appellee for the amount received by him.

It does not matter that it was not charged in appellee's cross-bill that appellant had received the purchase price as trustee for the appellee.

That relationship flowed from what was charged. The cross-bill did aver facts which occurred between the parties, that constituted appellant a trustee of the title to the land,

and if he wrongfully sold the same, it follows that he became a trustee, by operation of law, of the purchase price paid to him for the land.

The finding of the Circuit Court in that regard, and that in the accounting to be taken, appellee should be credited with that sum, was right.

When a trustee is called upon to account to his beneficiary for the property intrusted to him, he can not set off an independent debt due him individually from the beneficiary against the trust indebtedness. And this is for the reason that the trustee is not a mere debtor, but holds the trust property in a different capacity, viz., as a trustee, and therefore the debt owing by him and the debt due to him, are not due in the same right or capacity, and lack mutuality. Sec. 22 Am. and Eng. Ency. of Law, 311, where numerous authorities are collected.

The decree of the Circuit Court having to be affirmed, for the reason indicated, it becomes unnecessary to consider the question as to whether the claim of the appellant against appellee was barred by the statute of limitations.

The decree of the Circuit Court is affirmed.